# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1524V
Filed: May 15, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| JAMIN KURTIS RADER, | * |
| | *   UNPUBLISHED |
| Petitioner, | * |
| v. | *   Special Master Oler |
| | * |
| SECRETARY OF HEALTH | *   Decision on Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Douglas Lee Burdette*, Burdette Law, PLLC, North Bend, WA, for Petitioner.
*Alexis B. Babcock,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 16, 2016, Jamin Kurtis Rader ("Petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that he suffered from transverse myelitis leading to paraplegia as a result of receiving a Flu Mist quadrivalent influenza ("flu") vaccine on November 7, 2014. Petition ("Pet.") at 1, ECF No. 1. The parties filed a joint stipulation on February 9, 2018, representing that they had reached a settlement and that a decision should be entered awarding compensation in this case. ECF No. 26 at 2, ¶7. I subsequently issued a Decision on February 15, 2018, adopting the parties' stipulation and awarding compensation. *See* Decision, ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Vaccine Program"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

I.      **Relevant Procedural History Regarding Attorneys' Fees and Costs**

On February 23, 2018, Petitioner filed a motion for attorneys' fees and costs (AFC Motion), requesting $34,588.50 in attorneys' fees, and $13,385.13 in costs, for a total of $47,973.63.  Petitioner's ("Petr's") Application ("App.") dated February 23, 2018, ECF No. 31 at 3.  In accordance with General Order #9, Petitioner filed a signed statement indicating that he did not incur any out-of-pocket expenses throughout the pendency of this case.  *See* Ex. 3, ECF No. 31-3.

On March 5, 2018, Respondent filed a response to Petitioner's AFC motion.  Respondent's Response, dated March 5, 2018, ECF No. 32.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id*. at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id*. at 2.  Additionally, he "respectfully recommends that [I] exercise [my] discretion and determine a reasonable award for attorneys' fees and costs."  *Id*. at 3.

This matter is now ripe for a decision.

II.     **Applicable Law and Discussion**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see also Sebelius v. Cloer*, 569 U.S. 369, 373 (2013).  Thus, as a successful Vaccine Act petitioner, Mr. Rader is entitled to a fees and costs award.

   A.  *Reasonable Hourly Rates and Time Expended*

      i.  *Requested Hourly Rates*

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under this approach, "[t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  That product is then adjusted upward or downward based on other specific findings.  *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by Respondent, and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner's counsel of record, Mr. Douglas Lee Burdette, and his co-counsel, Ms. Kelly D. Burdette, performed work on this case from their law firm's North Bend, Washington office (*see* Ex. 1, ECF No. 31-1), and the billing invoices filed in connection with the present fees request reveal the work they performed on the matter (*see generally id.*). In a prior case, Special Master Corcoran found attorneys from Mr. Burdette's law firm ("the Burdette Firm") -- based in North Bend, Washington -- to be entitled to forum rates. *See Ochoa v. Sec'y of Health & Human Servs.*, No. 16-627V, 2017 WL 6350600 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). Moreover, in *Ochoa*, Special Master Corcoran awarded Mr. Burdette an "in forum" hourly rate of $400.00 per hour for work performed in 2016-2017, while awarding Ms. Burdette an "in forum" hourly rate of $275.00 per hour. *Id*. at *4. I find Special Master Corcoran's analysis to be well-reasoned and persuasive, and will follow his approach in this instant fees request. Thus, forum rates apply in this case, and I will award the Burdette Firm's attorneys their respective hourly rates in accordance with *Ochoa*.

Additionally, Petitioner's AFC Motion reflects that paralegal tasks performed by attorneys of the Burdette Firm were billed at a paralegal's hourly rate. *See* AFC Motion at 2-3. Petitioner requests an hourly rate of $75.00 per hour for those paralegal tasks (*id*.), which I find to be reasonable.

### ii.     *Hours Reasonably Expended*

Based on my review of the billing records submitted with Petitioner's AFC Motion (*see generally* Ex. 1), the hours expended on this matter by Petitioner's attorneys appear to be reasonable, and I find no cause to reduce the total attorney or paralegal hours spent on this case.

### iii.    *Summary of Total Fees*

As outlined above, Petitioner is awarded the entirety of his requested $34,588.50 in attorneys' fees.

### B. Reasonable Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner

requests $13,385.13 in attorneys' costs, the bulk of which represents costs incurred by his counsel towards obtaining a life care plan in this case. *See generally* Ex. 2, ECF No. 31-2. Additional requested costs consist of filing fees, and service and copying costs associated with prosecuting this claim. *Id*. After reviewing the costs invoices attached to Petitioner's AFC Motion, I find the requested litigation costs to be reasonable, and will award them in full.

### III.   Total Award Summary

Accordingly, I award **$47,973.63**, representing $34,588.50 in attorneys' fees and $13,385.13 in costs, in the form of a check payable jointly to Petitioner and his counsel, Douglas Lee Burdette. Payment of this amount represents all attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). The Clerk of the Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

> **/s/ Katherine E. Oler**
> Katherine E. Oler
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.